UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES W. RILEY,                    :
                                   :
          Petitioner,              :CIVIL ACTION NO. 3:00-CV-1183
                                   :
          v.                       :(JUDGE CONABOY)
                                   :(Magistrate Judge Schwab)
ROBERT W. MYERS, et al.,           :
                                   :
          Respondents.             :

_____

                            **MEMORANDUM**

     Here we consider the Report and Recommendation of Magistrate
Judge Susan E. Schwab recommending denial of Petitioner's January
16, 2014, motion (Doc. 12) in which he requests that the Court
vacate judgment entered on September 22, 2000, pursuant to Federal
Rules of Civil Procedure 60(b)(2) and 60 (b)(6).  (Doc. 15 at 10.)
Magistrate Judge Schwab also recommends a finding be made that
there is no probable cause to issue a certificate of appealability.
(*Id.*)  On March 28, 2014, Petitioner filed objections to the Report
and Recommendation.  (Doc. 16.)  For the reasons discussed below,
we conclude Petitioner's objections are without merit.  We adopt
the Report and Recommendation (Doc. 15) as modified, deny
Petitioner's motion (Doc. 12), and find there is no basis for the
issuance of a certificate of appealability.

                         **I. Background**

     In February 1993, Petitioner was convicted by a jury of first
degree murder in the July 1991 shooting death of his stepdaughter.
(Doc. 12 at 4; Doc. 15 at 2.)  On August 11, 1993, he was sentenced

to life imprisonment.  (Doc. 12 at 4.)  At trial, Petitioner requested but was refused a jury instruction as to voluntary intoxication.  (Doc. 12 at 4.)  Following direct appeal to the Pennsylvania Superior Court, the conviction was vacated and the matter was remanded for a new trial. (Doc. 12 at 4; Doc. 15 at 2.) Petitioner asserts the Superior Court's decision was based on the determination that sufficient evidence was presented to merit Petitioner's requested jury instruction of voluntary intoxication. (Doc. 12 at 4.)  Petitioner's new trial was held in February 1996. (*Id.*)  On March 1, 1996, a jury again convicted Petitioner of first degree murder and Petitioner was sentenced to life imprisonment. (*Id.*)  Petitioner filed a direct appeal with the Pennsylvania Superior Court raising the issue that the voluntary intoxication jury instruction was in error.  (*Id.*)  By decision dated October 21, 1996, and filed on December 1, 1996, Petitioner's conviction and sentence were affirmed by the Pennsylvania Superior Court. (Doc. 15 at 2.)

Following the affirmance, Petitioner received a letter from his attorney, Robert Trambley ("Trambley").  (Doc. 15 at 2.) Trambley had represented Petitioner at the second trial and on the direct appeal that followed.  (*Id.* n.2.)  The letter indicated that the trial transcript, pretrial conference transcript, and the Superior Court's opinion were enclosed.  (*Id.*)  Trambley further advised Petitioner that he had not and did not intend to file a

2

Petition for Allowance of Appeal to the Supreme Court of
Pennsylvania, that Riley could hire an attorney or proceed on his
own, and that Riley should contact him if he needed additional
documents or had any questions. (*Id.*) Petitioner did not file a
direct appeal or any petition for post-conviction relief in
Pennsylvania state court. (Doc. 15 at 2-3.) He states that he
specifically directed Trambley to submit via his direct appeal and
allowance of appeal Petitioner's claim that the trial court erred
in permitting Petitioner's wife to testify against him at trial in
violation of 42 Pa. C.S. § 5913(4). (Doc. 12 at 5.) Petitioner
asserts that the failure to raise this claim resulted in the claim
not being exhausted: "Petitioner could not have presented this
specific claim via his first timely filed writ of habeas corpus
petition due to the fact that this claim would not have mustered
the federal exhaustion and procedural default requirements." (Doc.
12 at 6.)

On June 30, 2000, Petitioner filed a federal habeas corpus
petition in this Court. (Doc. 1.) On August 1, 2000, pursuant to
the Third Circuit's mandate in *Mason v. Meyers*, 208 F.3d 414 (3d
Cir. 2000), Magistrate Judge J. Andrew Smyser put Petitioner on
notice of the consequences of filing a federal habeas corpus
petition and the procedural requirements that he must satisfy under
the relevant habeas corpus statutes. (Doc. 5; Doc. 15 at 3.)
Petitioner was also given the option of either proceeding on his

3

original petition, as filed, or withdrawing the petition and filing an all-inclusive, comprehensive one within one year of the AEDPA statutorily prescribed period, 28 U.S.C. § 2244(d).  (*Id.*)

On August 11, 2000, Petitioner filed a response to the Order which states in relevant part "'if these Honorable Courts don't appoint counsel as set forth above, then it would be petitioner's desire to withdraw his writ of habeas corpus at this time and return to the state to seek his state records within confines of his legal options, then returning to this court at a latter date.'" (Doc. 8 at 2 (quoting Doc. 6).)  Petitioner also stated that he would want his petition ruled upon if the Court did not appoint counsel.  (*Id.*)  By Report and Recommendation of August 28, 2000, Magistrate Judge Smyser recommended that the petition be deemed withdrawn and the case file be closed.  (Doc. 7.)  Petitioner did not file objections to the Report and Recommendation.  Agreeing with the Magistrate Judge that there was no basis upon which to appoint counsel, the Court determined that Petitioner desired to withdraw his original § 2254 petition and, by Order of September 22, 2000, deemed the petition withdrawn.  (Doc. 8 at 3.) Petitioner did not seek timely reconsideration of the closing Order or appeal the Court's decision.

On April 30, 2002, Petitioner filed another 28 U.S.C. § 2254 petition in this Court, 3:02-CV-750.  Petitioner raised six substantive grounds for relief:

4

> 1) he was denied the right to appeal to the
> Supreme Court of Pennsylvania because his
> counsel abandoned him, (Doc. 1 at 1); 2) he
> was constructively denied the right to
> counsel, due process and equal protection on
> appeal and at trial because his counsel's
> performance was in effect no meaningful
> assistance, (<u>Id.</u> at 8); 3) appellate counsel
> was ineffective because he was burdened by a
> conflict of interest in that he did not raise
> issues related to his own ineffectiveness on
> appeal, nor did he advise Petitioner of the
> appropriateness of having other counsel file
> post-trial motions, (<u>Id.</u> at 11); 4) trial
> counsel was ineffective for failing to
> adequately investigate and prepare for trial
> and present a proper defense, (<u>Id.</u> at 13); 5)
> trial counsel was inadequate for failing to
> preserve and raise the issue of legal,
> factual or actual innocence of the crime
> charged in that Petitioner asserts he did not
> have the requisite specific intent required
> for first degree murder, (<u>Id.</u> at 18); and 6)
> Petitioner was denied due process and a
> fundamentally fair trial because the trial
> judge made an improper comment on
> Petitioner's guilt or innocence during jury
> instruction, (<u>Id.</u> at 22).

(M.D. Pa. Civ. A. No. 3:02-CV-750, Doc. 31 at 5-6.)

By Memorandum and Order of November 1, 2002, the Court concluded the habeas action was barred by the statute of limitations provisions of 28 U.S.C. § 2244(d) and Petitioner could not satisfy the requirements necessary for the Court to apply equitable tolling principles. (M.D. Pa. Civ. A. No. 3:02-CV-750, Doc. 31 at 7-20.) Petitioner appealed the Court's decision to the Third Circuit Court of Appeals. (M.D. Pa. Civ. A. No. 3:02-CV-750, Doc. 34.) It appears Petitioner filed a petition for a writ of certiorari in the United States Supreme Court before the Third

5

Circuit decided his appeal.  (M.D. Pa. Civ. A. No. 3:02-CV-750, Doc. 40.)  On October 23, 2003, the Third Circuit Court of Appeals received notification that the Supreme Court denied the petition for writ of certiorari--that correspondence was docketed in this Court on November 3, 2003.  (M.D. Pa. Civ. A. No. 3:02-CV-750, Doc. 41.)  Petitioner's appeal in the Third Circuit was noted to be terminated as per a docket entry dated November 3, 2003.

On May 3, 2007, Petitioner filed "Petition for Relief in Accordance to F.R.C.P. Rule 60(b)(6)" in case number 3:00-CV-1183, the docket number assigned his original habeas filing.  With this motion, Petitioner asserted that the "habeas court abused its discretion by not holding an evidentiary hearing on a mixed question of fact and law-ineffective assistance of counsel under the presumption of correctness."  (Doc. 9 at 1.)  The Court denied the motion by Order of May 18, 2007.  (Doc. 11.)

On January 16, 2014, Petitioner filed the motion at issue here: "Motion Requesting to Vacate Judgment Entered on September 22nd, 2000, Due to Exceptional Circumstances in the Discovery of Previous Unavailable Evidence and an Intervening Change in Controlling Law Pertaining to Petitioner's First Timely Filed Habeas Petition Pursuant to Federal Rules of Civil Procedure 60(b)(2) and 60(b)(6) Providing Extraordinary Relief."  (Doc. 12.) Petitioner states that "due to trial and direct appellate counsels' dereliction in not investigating and/or presenting the Affidavit

6

[attached to the motion], denied Petitioner his right to due process of law and ineffective assistance of counsel under both the Fourteenth and Sixth United States Constitutional Amendments." (Doc. 12 at 8.)  The affidavit referenced is that of Connie M. Riley dated September 3, 1993, in which she states, *inter alia*, that she was told she could be held in contempt of court if she did not testify at her husband's trial scheduled for February 1993, that she had been subpoenaed to testify, and that she had informed the Assistant District Attorney and her husband's attorney that she did not want to testify.  (*See* Doc. 12 at 19.)  Petitioner asserts the Court has jurisdiction over the instant motion pursuant to *Gonzalez v. Crosby*, 545 U.S. 524 (2005), citing the case for the proposition that "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a certain set of limited circumstances, including fraud, mistake and newly discovered evidence." (Doc. 12 at 9.)   Petitioner also maintains the court should find his motion timely filed and consider his actual innocence claim pursuant to *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013).[1]  (Doc. 12 at 11-12.)

As noted above, Magistrate Judge Schwab recommends that the

---

[1] Petitioner also cites to *McGuiggin* and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), as "newly discovered evidence to allow Petitioner to reopen his first timely filed writ petition."  (Doc. 12 at 9.)  While these cases may be "new," they are not newly discovered *evidence*.  Therefore, our discussion of new evidence will be limited to the Affidavit of Connie Riley.

Court deny the motion and not issue a certificate of appealability. (Doc. 15.)  The recommended denial is based on the finding that the one-year time limit for filing a motion pursuant to Rule 60(b)(2) has long passed and the time to act under the rule is not to be extended, and the motion cannot proceed under Rule 60(b)(6) because it was not brought within a "reasonable time" and Petitioner has not shown exceptional circumstances that qualify as an excuse for the lengthy delay.  (Doc. 15 at 6-7.)

Petitioner specifically objects to the Report and Recommendation on two main bases.  He first objects to the Magistrate Judge's factual recitation regarding the dismissal of the habeas petition which he filed in the above-captioned matter on June 30, 2000.  (Doc. 16 at 3-6.)  He also asserts that the Magistrate Judge "did not address Petitioner's actual innocence equitable tolling claim and summarily dismissed Petitioner's Fed. R. Civ. P. 60(b) motion in stating 'Petitioner's 60(b) motion attacks the underlying claims,['] which is incorrect, whereas Petitioner throughout his 60(b) motion attacked the court's integrity via it's order of dismissal, i.e., the untimeliness of his petition."   (Doc. 16 at 7.)

## II. Discussion

### A.    Standard of Review

When a petitioner files objections to a magistrate judge's report, the reviewing court conducts a *de novo* review of those

portions of the report to which objection is made.  28 U.S.C. §
636(b)(1).  To warrant *de novo* review, the objections must be both
timely and specific.  *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir.
1984).  The court may accept, reject or modify, in whole or in
part, the findings made by the magistrate judge.  28 U.S.C. §
636(b)(1).  Uncontested portions of the report are reviewed for
clear error.  *Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa.
1998).

**B.    *Petitioner's Motion and Objections***

Petitioner seeks relief from the September 2000 Order of this
Court pursuant to Federal Rule 60(b)(2) and 60(b)(6).  (Doc. 12.)
Having performed the requisite review, we concur with the
Magistrate Judge that Petitioner is not entitled to relief under
either provision of Rule 60(b).

Federal Rule of Civil Procedure 60(b) provides "Grounds for
Relief from a Final Judgment, Order, or Proceeding."  Pursuant to
Rule 60(b)(2), "the court may relieve a party or its legal
representative from a final judgment, order, or proceeding" based
on "newly discovered evidence that, with reasonable diligence,
could not have been discovered in time to move for a new trial
under Rule 59(b)."  Rule 60(b)(6) allows the same for "any other
reason that justifies relief."  A motion under Rule 60(b) must be
made within "a reasonable time" and under Rule 60(b)(2) "no more
than a year after the entry of the judgment or order or the date of

9

the proceeding." Fed. R. Civ. P. 60(c)(1). What constitutes a "reasonable time" for purposes of Rule 60(b)(6) depends on the circumstances of each case. *Delzona Corp. v. Sacks*, 265 F.2d 157, 159 (3d Cir. 1959); *In re Diet Drugs*, 383 F. App'x 242, 246 (3d Cir. 2010) (not precedential) (citing *Delzona*). "[A] movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citations omitted). *Gonzalez* added that "[s]uch circumstances will rarely occur in the habeas context." *Id.*

When presented with a Rule 60(b) motion filed in the circumstances presented here, the Court must first consider whether the motion is in essence a second or successive habeas petition—such an analysis being necessary because, pursuant to 28 U.S.C. § 2244(b)(3)(A), a state prisoner seeking to file a second or successive petition must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition. *Burton v. Stewart*, 549 U.S. 147, 157 (2007); *Pridgen v. Shannon*, 380 F.3d 721, 725 (3d Cir. 2004). "A determination that the Rule 60(b) motion was in essence a successive habeas petition means that under AEDPA the District Court did not have jurisdiction to entertain the motion because the Court had not authorized [the petitioner] to file a successive habeas petition." 380 F.3d at 725 (citing 28 U.S.C. § 2244(b)).

10

In *Gonzalez v. Crosby* the Court analyzed when a motion couched in terms of Rule 60(b) was in reality a second or successive § 2254 habeas petition subject to the requirements relevant to such a motion pursuant to 28 U.S.C. § 2244(b).  *Gonzalez* makes clear that where a Rule 60 motion asserts a new claim it is a successive petition.  545 U.S. at 530-32.  "Claim" for purposes of the analysis (as used in § 2244(b)) is defined as "an asserted federal basis for relief from a state court's judgment of conviction." 545 U.S. at 530.  The Court provided examples of when a Rule 60(b) motion is properly filed as such and when it runs afoul of AEDPA's requirements.

> Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction-even claims couched in the language of a true Rule 60(b) motion-circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts.  § 2244(b)(2).  The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: Even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  In addition to the substantive conflict with AEDPA standards, in

11

> each of these three examples use of Rule
> 60(b) would impermissibly circumvent the
> requirement that a successive habeas petition
> be precertified by the court of appeals as
> falling within an exception to the
> successive-petition bar. § 2244(b)(3).
>
> In most cases, determining whether a
> Rule 60(b) motion advances one or more
> "claims" will be relatively simple.  A motion
> that seeks to add a new ground for relief . .
> . will of course qualify.  A motion can also
> be said to bring a "claim" if it attacks the
> federal court's previous resolution of a
> claim *on the merits* since alleging that the
> court erred in denying habeas relief on the
> merits is effectively indistinguishable from
> alleging that the movant is, under the
> substantive provisions of the statutes,
> entitled to habeas relief.  That is not the
> case, however, when a Rule 60(b) motion
> attacks, not the substance of the federal
> court's resolution of a claim on the merits,
> but some defect in the integrity of the
> federal habeas proceedings.

545 U.S. at 531-32.

In analyzing *Gonzalez*, the Third Circuit Court of Appeals explained that a 60(b) motion that challenges "a district court's failure to reach the merits of a petition based on the statute of limitations does not constitute a second or successive habeas petition." *United States v. Andrews*, 463 F. App'x 169, 171-72 (3d Cir. 2012) (not precedential) (citing *Gonzalez*, 545 U.S. at 535-36; *Pridgen*, 380 F.3d at 727-28 (allowing 60(b) motion that "attack[ed] the habeas proceeding, rather than [the] underlying state conviction")).  The Circuit Court noted that a Rule 60(b) motion

> which requests that the statute of
> limitations for a prior petition be equitably

12

> tolled for "actual innocence," may require an
> indirect assessment of the merits of the
> petitioner's underlying arguments.  However,
> *Gonzalez*, 545 U.S. at 532-36, 125 S. Ct.
> 2641, and *Pridgen*, 380 F.3d at 727-28, do not
> indicate that we should treat such a motion
> as the equivalent of an attack on the merits.

463 F. App'x at 172, n.1.  In *Andrews*, the district court never

reached the merits of the first petition and the Circuit Court

found that the petitioner's Rule 60(b) motion "unambiguously

challenged the District Court's failure to reach the merits of his

habeas petition on timeliness grounds, and not the resolution of

the claim on the merits."  463 F. App'x at 172.[2]

Unlike *Andrews*, here there is much ambiguity; the simplicity

suggested by *Gonzalez* is not readily detectable.  Petitioner weaves

his two previous § 2254 filings together and sets out several

convoluted arguments ostensibly in support of his motion.  As noted

by the Magistrate Judge, it is difficult to determine precisely

from which Order Petitioner seeks relief.  (Doc. 15 at 4 & nn.3,

6.)  In his response to the Report and Recommendation, Petitioner

asserts that his 2002 habeas filing should "relate back" to his

---

[2] In response to the district court's determination that Rule
60(b) relief was not available, the Circuit Court concluded that
"[t]he District Court never reached the merits of Andrews first
petition for habeas relief, making it impossible for Andrews to
attack the resolution of his habeas claim on the merits. *See
Gonzalez*, 545 U.S. at 532, 125 S. Ct. 2641.  Moreover, Andrews
clearly indicated that he sought equitable tolling of § 2255's
statute of limitations.  We therefore conclude that the District
Court erred in treating the 60(b) motion as a second or successive
habeas petition."  463 F. App'x at 172.

2000 filing: "being his first timely filed writ petition was erroneously dismissed by the court based up a [sic] 'motion for the appointment of counsel,' Petitioner's second filed writ petition that was dismissed as untimely should relate back to his very first timely filed writ petition, specifically where Petitioner presents newly discovered evidence of his 'actual innocence.'" (Doc. 16 at 5.)

Given the lack of clarity in Petitioner's filings, we will take a broad view of his claims. Doing so, we find several things relatively clear: Petitioner asserts a claim of actual innocense of first degree murder because he did not have the requisite intent for such a crime (*see*, *e.g.*, Doc. 12 at 12); he seeks to support a claim of ineffective assistance of counsel and actual innocence with evidence he claims to be new, the affidavit of Connie M. Riley (*see*, *e.g.*, Doc. 12 at 9; Doc. 16 at 7); he asserts an entitlement to relief based on a recently decided United States Supreme Court case, *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013) (Doc. 12 at 9; Doc. 16 at 6-7); and he asserts that he attacks only the integrity of the Court's order of dismissal, a dismissal he calls erroneous (Doc. 16 at 5, 7).

We turn now to whether this Court has jurisdiction over the pending Rule 60(b) motion or, alternatively, the motion is properly construed as a second or successive habeas petition needing approval of the Third Circuit Court of Appeals. Because neither

14

previous habeas filing was considered on the merits, unless Petitioner raises a new claim in the instant motion as that term is defined in *Gonzalez*, our Rule 60(b) analysis may proceed.  However, if a new claim is raised, the motion must be construed as a second or successive § 2254 petition pursuant to *Gonzalez*.

Although it is uncertain what claims were raised in Petitioner's June 2000 filing, his April 2002 filing contained a claim that trial counsel was inadequate for failing to preserve and raise the issue of legal, factual or actual innocence of the crime charged in that Petitioner asserts he did not have the requisite specific intent required for first degree murder, (M.D. Pa. Civ. A. No. 3:02-CV-750, Doc. 1 at 18).  Therefore, Petitioner's current actual innocence claim is not *necessarily* a new claim presented in this motion though he asserts the viability of the claim on new grounds and presents actual innocence as a gateway claim.  To the extent it is not a new claim but rather one previously raised and not decided on the merits because the Court concluded the petition was not timely filed, Petitioner's actual innocence claim is properly raised in a Rule 60(b) motion.

This conclusion is consistent with post-*Gonzalez* decisions within our circuit where a petitioner raises an actual innocence claim in a Rule 60(b) motion and his earlier habeas filing was not considered on the merits.  In *Parham v. Klem*, 496 F. App'x 181 (3d Cir. 2012) (not precedential), the Third Circuit held that the

15

district court had jurisdiction over the petitioner's Rule 60(b)
motion challenging the district court's dismissal of his habeas
petition based on AEDPA statute of limitation grounds.[3]  District
courts within our circuit have retained jurisdiction of Rule 60(b)
motions where a petitioner asserts a gateway actual innocence claim
pursuant to the Supreme Court's *McQuiggin v. Perkins* decision--

---

[3] *Parham* concluded it was not a second or successive motion
where the habeas petition had been dismissed as untimely and the
petitioner filed a Rule 60(b) motion stating he had new evidence of
actual innocence that would toll the statute of limitations--the
court disagreed with the respondent that the motion was really a
second or successive habeas petition, finding that the petitioner
did not "seek vindication of a claim," *i.e.*, assert a claim on the
merits.  496 F. App'x at 184.  Because the petitioner ultimately
did not make a credible gateway showing of actual innocence, the
court did not decide whether such a showing can equitably toll 28
U.S.C. § 2244(d)(1).  *Id.* at 185.

We are mindful that we are not bound by *Parham* in that it is
not a precedential opinion.  However, given the uncertain contours
of the law in this area and the approach taken by the district
courts within the Third Circuit, we proceed with the *McQuiggin*
analysis in the Rule 60(b) context.  In so doing, we note that
support for a contrary conclusion can be found in the dissenting
opinion authored by Judge Greenaway disapproving of the
petitioner's "tactic to proceed under Fed. R. Civ. P. 60(b)," to
"elude successive habeas treatment."  496 F. App'x at 185.  Judge
Greenaway observes that "the majority offers solace to a category
of litigants that our jurisprudence under the [AEDPA] would
preclude from seeking relief in this court."  *Id.*  Because "the
*Gonzalez* Court made clear [that] the presentation of newly
discovered evidence is akin to mounting a 'claim' that must be
brought in accordance with the requirements of the AEDPA," the
dissent faults the majority for not recognizing the "inherent
tension" in *Gonzalez* and arriving at a conclusion "antithetical to
the spirit of *Gonzalez* and . . . in contravention of this Court's
precedent."  496 F. App'x at 188.  In sum, Judge Greenaway would
have found the petitioner's Rule 60(b) motion a second or
successive habeas petition and the district court without
jurisdiction.  *Id.* at 189-90.

16

precisely the situation here. *Sturgis v. Varner*, Civil Action No. 01-060, 2014 WL 1340411 (E.D. Pa. Apr. 14, 2014); *Aikens v.* Wynder, Civil Action No. 06-5239, 2014 WL 1202746 (E.D. Pa. Mar. 24, 2014); *Coombs v. Kelchner*, Civil Action No. 1:05-CV-2308, 2014 WL 619793 (M.D. Pa. Feb. 18, 2014); *Young v. Lamas*, Civil Action No. 12-3623, 2014 WL 296940 (E.D. Pa. Jan. 27, 2014); *Vogt v. Coleman*, Civil Action No. 08-530, 2013 WL 6577394 (W.D. Pa. Dec. 16, 2013); *Rethage v. Attorney General of the State of Pennsylvania*, No. 05-289, 2014 WL 1572407 (W.D. Pa. Apr. 17, 2014).[4]  *Parham* and the vast majority of the district court cases first look at whether the petitioner has made the requisite showing of innocence, *i.e.*, whether the petitioner had established "actual innocence" as that term is defined in *Schlup* v. Delo, 513 U.S. 298 (1995).  *See*, *e.g.*, *Coombs*, 2014 WL 619793, at *3.[5]  We will do the same.

---

[4] In both *Vogt* and *Rethage*, the district court noted that research had not revealed a case in which a petitioner has been permitted to reopen a judgment under Rule 60(b)(6) based solely on the change in law brought about by *McQuiggin*: "In other words, it is unclear whether an actual showing of innocence constitutes 'extraordinary circumstances' that justifies reopening a final judgment pursuant to a Rule 60(b)(6) motion so that the district court can evaluate the merits of claims in an untimely filed petition." *Vogt*, 2013 WL 6577394, at *5; *see also Rethage*, 2014 WL 1572407, at *4.

[5] In *Aikens*, the district court first looked at whether the change in law brought about by *McQuiggin* presented "extraordinary circumstances" for purposes of Rule 60(b)(6).  2014 WL 1202746, at *2.  The court concluded that where the presiding judge "applied the prevailing federal habeas statute of limitations at the time [the petitioner's] habeas petition was dismissed, the change in decisional law based on interpretation of the habeas statute of

To establish a colorable claim of actual innocence, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."[6] *Schlup*, 513 U.S. at 327; *McQuiggin*, 133 S. Ct. at 1935. This showing requires "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

In holding that a colorable claim of actual innocence serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar or the AEDPA statue of limitations (thus allowing the district court to adjudicate the petition on its merits), *McQuiggin* cautioned that, based on the *Schlup* standard, tenable actual-innocence gateway pleas are rare. 133 S. Ct. at 1928. Importantly, the Court distinguished the case under consideration from equitable tolling cases previously decided in that the petitioner did not assert "an excuse for filing after the

_____

limitations in *McQuiggin* does not constitute an extraordinary circumstance." *Id.*

[6] Whether the actual innocence test applies to a case such as this--where the petitioner does not argue that he did not commit the crime but argues that he is responsible for a lesser degree of guilt--has not been decided by the Third Circuit Court of Appeals or the Supreme Court. *See Glass v. Vaughn*, 65 F.3d 13, 16 (3d Cir. 1995); *see also Sweger v. Chesney*, 294 F.3d 506, 522 n.17 (3d Cir. 2002). As the Third Circuit has done, we will assume *arguendo* that the actual innocence test applies. *Id.*

statute of limitations has run.  Instead, he maintains that a plea
of actual innocence can overcome AEDPA's one-year statute of
limitations.  He thus seeks an equitable exception to § 2244(d)(1),
not an *extension* of the time statutorily prescribed."  133 S. Ct.
at 1931 (citing *Rivas v. Fischer*, 687 F.3d 514, 547 n.42 (2d Cir.
2012) ("distinguishing from 'equitable tolling' a plea to override
the state of limitations when actual innocence is shown").

Petitioner has utterly failed to present such evidence.  The
"new evidence" cited, Connie Riley's affidavit, was executed in
1993.  Petitioner provides no reason why it was not presented
earlier.  However, earlier availability and diligent pursuit of the
assertedly exculpatory evidence is not a bar to relief under
*McQuiggin*: "Our opinion clarifies that a federal habeas court,
faced with an actual innocence gateway claim, should count
unjustifiable delay on a habeas petitioner's part, not as an
absolute barrier to relief, but as a factor in determining whether
actual innocence has been shown."  133 S. Ct. at 1928.  While the
delay and diligence factors do not preclude Petitioner's claim, the
nature of the "new evidence" does not come close to making the
requisite showing.  Connie Riley's affidavit shows only that she
did not want to testify and was told by both her husband's attorney
and the assistant district attorney that, if she did not, she could
be held in contempt and possibly fined.  (Doc. 12 at 19.)  She
further states that she was subpoenaed and testified at

19

Petitioner's February 1993 trial.[7]

Petitioner's argument regarding Connie Riley's testimony and communications privileged pursuant to 42 Pa. C.S. §§ 5913(4) and 5914 (Doc. 12 at 5-6) adds nothing to support his claim of actual innocence. As Petitioner recognizes (Doc. 12 at 5), § 5913(4) establishes that there is no spousal privilege not to testify in a criminal proceeding when the charge pending against the defendant includes murder--the charge for which Petitioner was on trial. Thus, Connie Riley's Affidavit in which she states she was told that she could be fined and held in contempt if she did not testify and she was subpoenaed to testify (Doc. 12 at 19) shows nothing inconsistent with the dictates of § 5913(4) and does not evidence wrongdoing on the part of Petitioner's attorney or the assistant district attorney. Although neither a husband nor wife may testify to confidential communications made by one to the other pursuant to § 5914 unless the privilege is waived upon the trial, Petitioner

---

[7] In light of the fact that Petitioner's wife testified at his trial, it is curious that he states

> *if* in fact Petitioner's wife was permitted to testify to the facts of the instant case, she would have verified the fact that Petitioner was in fact in an intoxicated state at the time of the alleged incident and that due to Petitioner's intoxication that he could not have formed the intent to kill to have established a first degree murder conviction.

(Doc. 16 at 8 (emphasis added).)

presents no evidence that his wife testified to a confidential communication and that without such testimony no reasonable juror would have voted to find him guilty of first degree murder beyond a reasonable doubt. *See McQuiggin*, 133 S. Ct. at 1928. Therefore, Petitioner has not satisfied the threshold inquiry and his motion filed pursuant to Rule 60(b) is properly denied.[8]

Finally, to the extent Petitioner's motion can be construed to raise new claims, *see Gonzalez*, 545 U.S. at 530-33, the Third Circuit must first grant him permission to raise such a claim in a second or successive petition. 28 U.S.C. § 2244(b)(3)(A).

The analysis set out above addresses Petitioner's objection to the Report and Recommendation concerning his actual innocence claim. (*See* Doc. 16 at 7.) In his response to the Report and Recommendation, Petitioner also objects to the recitation of facts concerning the Court's closing of his June 30, 2000, § 2254 petition. (*See* Doc. 16 at 3.) He denies that he requested to withdraw the action if counsel was not appointed, asserting the Court erroneously dismissed his filing. (Doc. 16 at 3-5.) This claimed error is inherently addressed in the application of

---

[8] Following the *Parham* approach, 496 F. App'x 185, we need not decide whether we are faced with "extraordinary circumstances" supporting relief under Rule 60(b)(6) in that Petitioner has failed to demonstrate actual innocence. *See*, *e.g.*, *Sturgis*, 2014 WL 1340411, at *3.

21

*McQuiggin* and analysis of Petitioner's actual innocence claim.[9]

### III. Conclusion

For the reasons discussed above, we adopt the Report and Recommendation (Doc. 15) as modified.  Petitioner's "Motion Requesting to Vacate Judgment Entered on September 22nd, 2000, Due to Exceptional Circumstances in the Discovery of Previous Unavailable Evidence and an Intervening Change in Controlling Law Pertaining to Petitioner's First Timely Filed Habeas Petition Pursuant to Federal Rules of Civil Procedure 60(b)(2) and 60(b)(6) Providing Extraordinary Relief" (Doc. 12) is denied.  We also conclude there is no basis for the issuance of a certificate of appealability.  An Appropriate Order is filed simultaneously with this Memorandum.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: May 1, 2014

---

[9] To the extent Petitioner may be attempting to present a different challenge to the Court's September 22, 2000, Order in which his habeas petition was deemed withdrawn (Doc. 8), he cannot do so in his objections filing.  *See*, *e.g.*, *Nguyen v. Wenerowicz*, Civ. A. No. 12cv06631, 2013 WL 6473264, at *6 (E.D. Pa. Sec. 10, 2013) (listing cases).  Furthermore, if raised in a proper filing, the claim would be subject to the *Gonzalez* analysis.  In any case, it would readily be found without merit in that the Court's determination was based on Petitioner's clearly expressed desire to withdraw his petition if counsel was not appointed.  (Doc. 8 at 2 (quoting Doc. 6).)